IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE GUY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 10-775-SLR |
| | ) |
| PERRY PHELPS, | ) |
| Warden, and ATTORNEY | ) |
| GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of February, 2011;

IT IS ORDERED that petitioner Tyrone Guy's motion for representation by counsel (D.I. 3) is **DENIED** without prejudice to renew, for the reasons that follow:

1. It is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Nevertheless, a court may seek representation by counsel for a petitioner who demonstrates " special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

2. Here, petitioner requests representation by counsel because his former attorney told him to do so. This reason does not demonstrate that the "interests of justice" require representation of counsel at this time.

*[signature]*
UNITED STATES DISTRICT JUDGE